UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

IN RE:                                          )
                                                )   **CHAPTER: 13**
**JOHN H CLAINE AND KIMBERLY L**                )
**CLAINE**                                      )   **CASE NO.: 23-30472-EDK**
        Debtors                                 )
                                                )
**Ally Bank**                                   )
        Movant                                  )
                                                )
**VS.**                                         )
                                                )
**JOHN H CLAINE AND KIMBERLY L**                )
**CLAINE**                                       )
        Debtors                                 )
                                                )
                                                )
**AND KIMBERLY L CLAINE DEBTORS**

---

**OBJECTION TO CONFIRMATION**

Ally Bank (ALLY), by its counsel, Michael Lushan, as and for an Objection to Confirmation of the Debtors' Chapter 13 Plan, states the following grounds therefor:

1.      On November 13, 2023, the Debtors above-named, filed a voluntary petition in bankruptcy under Title 11, Chapter 13, U.S.C., United States Bankruptcy Court for the District of Massachusetts.

2.      The Court has jurisdiction to entertain this objection under 28 U.S.C., Section 157.

3.      Objectant, Ally Bank (hereinafter "ALLY"), is the holder of a properly perfected first-in-right purchase  money security interest in 2020 Ram Ram 2500 Crew Cab Bighorn/Lone (V.I.N. 3C6UR5DJ1LG222514) owned by and, upon information and belief, in the possession and control of the Debtors. Copies of the Retail Installment Sales Contract and Title Documentation are annexed hereto as Exhibit "A" and Exhibit "B" respectively and made a part hereof.

4.      Creditor timely filed a Proof of Claim in the amount of $43,607.25 on December 28, 2023("POC"). See Claim 15. The POC has not been objected to by Debtor or any other party.

5.      In the case at bar, the Debtors proposes to pay ALLY $34,570.00 as its secured claim, together with interest at the rate of Debtors Proposed 9.00%. thereon. However, the retail value of the vehicle set forth in the N.A.D.A. Used Car Guide is $40,925.00, which does not include additions for

1

accessories. A true and correct copy of the N.A.D.A. is attached as Exhibit "C" and made a part of hereof.

6.      The Plan fails to pay the applicable contractual interest rate. The contractual interest rate is 9.988%. To the extent that Debtors' Plan fails to pay the contractual interest rate, Creditor objects to the confirmation of the Plan.

7.      For the foregoing reasons, it is respectfully submitted that Debtors' proposed treatment does not reflect the appropriate value for the secured claim and it fails to comply with the cram down requirements for confirmation as contained in 11 U.S.C. Section 1325(a)(5)(B)(ii).

8.      ALLY hereby objects to Debtors Plan on the grounds that the Plan fails to provide for periodic payments in equal monthly amounts as required by 11 U.S.C. §1325(a)(5)(B)(iii)(I). ALLY objects to the Chapter 13 to the extent it provides for payment of administrative or priority claims, including but not limited to Debtors attorneys fees, prior to the payment of secured claims. ALLY asserts it is inequitable to allow the Debtors the continued use of the vehicle for employment, among other things, that will allow the Debtors to generate income to pay other Creditors without paying for the use of the vehicle. Without concurrent payment on the secured claim, confirmation of the Plan should be denied.

9.      No prior application for the relief requested herein has been made.

WHEREFORE, Ally Bank (ALLY) respectfully requests that the Court deny confirmation of the Debtors' Chapter 13 for the reasons hereinabove set forth unless modified to reflect the proper treatment of its claim as detailed above and for such other and further relief as to the Court may seem just and proper.


DATED: January 02, 2024

> */s/ Michael Lushan*
> Michael Lushan BBO #307990
> Attorneys for Ally Bank
> Lushan McCarthy & Goonan
> 132 Adams Street Suite 8
> Newton, MA 02458
> Tel. (617) 739-0700
> Email: lushan@lushlaw.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: ) | |
| ) | **CHAPTER: 13** |
| **JOHN H CLAINE AND KIMBERLY L** ) | |
| **CLAINE** ) | **CASE NO.: 23-30472-EDK** |
| Debtors ) | |
| ) | |
| **Ally Bank** ) | |
| Movant ) | |
| ) | |
| **VS.** ) | |
| ) | |
| **JOHN H CLAINE AND KIMBERLY L** ) | |
| **CLAINE** ) | |
| Debtors ) | |
| ) | |

**AND KIMBERLY L CLAINE DEBTORS**

---

### CERTIFICATE OF SERVICE

I, Michael Lushan Counsel for Creditor Ally Bank. hereby certify that a true and correct copy of the foregoing Objection to Confirmation by electronic mail or by first class mail with postage prepaid on the following:

Via US Mail

John H Claine                                Kimberly L Claine
409 Chapman Street                      409 Chapman Street
Greenfield, MA 01301                    Greenfield, MA 01301

Via CM / ECF / NEF

Eric D. Kornblum
94 North Elm Street, Suite 402
Westfield, MA, 01085
(413) 568-3900
edkclientsbk@gmail.com

David A. Mawhinney
P.O. Box 964
Worcester, MA 01613
davidmawhinney@ch13worc.com

Richard King
446 Main Street,
14th Floor
Worcester, MA 01608
USTPRegion01.WO.ECF@USDOJ.GOV

/s/ Michael Lushan
132 Adams Street, Suite 8
Newton, MA 02458