**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re ) | |
| ) | |
| ) | |
| JOHN CLAINE AND ) | |
| KIMBERLY CLAINE, ) | Chapter 13 |
| Debtors. ) | Case No. 23-30472-EDK |
| ) | |

**CHAPTER 13 TRUSTEE'S OBJECTION TO**
**DEBTORS' AMENDED  CHAPTER 13 PLAN**

NOW COMES David A. Mawhinney, the Standing Chapter 13 Trustee (the "Trustee"), and hereby objects to the Debtors' Amended Chapter 13 Plan (the "Plan").  In support hereof, the Trustee submits the following:

1.  On or about November 13, 2023, the Debtors  filed for relief under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "Act").

2.  On December 14, 2023, the Trustee convened and presided at a § 341 meeting of creditors (the "Meeting").  The Debtors appeared at that time and gave testimony under oath concerning their Schedules and Statement of Financial Affairs.

3.  On or about February 20, 2024, the Debtors filed the Plan.

4.  Pursuant to Schedules "I" and "J", the Debtors' excess income is $1,975.93  per month.  The Debtors are below the applicable median income.

5. The Plan provides for payments of $2,136.00  for 60 months, of which 58 months remain.[1]  The unsecured creditors, which total $83,075.19, will be paid from a "pot" totaling

---

[1] The Plan fails to provide for the secured claim of U.S. Shed, LLC.  The lease arrears are $1,275.74.

$900.04. The estimated dividend is 1.0834%.

6. The Debtors are not providing for all their projected disposable income to be received in the applicable commitment period[2] as set forth in §1325(b)(1)(B). As the Debtors are below the applicable median income, the projected disposable income is not determined by Form 122C. In order to determine if they are offering all their projected disposable income to the Plan, a review must be made of Schedules "I" and "J". *In re Dew*, 344 B.R. 655, 660-661 (Bankr. N.D. Ala. 2006). See also, *In re Kibbe*, 361 B.R. 302, 306 n.3 (BAP 1st Cir.2007).

7. Schedule "I" lists a payroll deduction of $650.00 for the repayment of a cash advance from Mr. Claine's employer. Based on paystubs produced by the Debtors, the cash advance has been paid in full. Thus, the Debtors' excess income is understated by $650.00 per month.

8. If the Debtors were to produce all their disposable income to fund the Plan, they could provide a payment of $2,581.00, shorten the term to 50 months, of which 48 months remain, with a dividend 1.0834% to the unsecured creditors.[3]

9. Given the above, confirmation of the Plan should be denied.

WHEREFORE, the Trustee requests this Court:

1. Deny confirmation of the Debtors' Amended Chapter 13 Plan;

---

[2] 11 U.S.C. §1325(b)(4).

[3] The calculation does not provide for the claim of U.S. Sheds as the Debtors' intention regarding the claim is unclear.

2. Grant such other and further relief as it deems just and necessary.

Respectfully submitted,
Standing Chapter 13 Trustee

Dated: March 19, 2024

/s/Joanne Psilos
David A. Mawhinney, Trustee
BBO # 681737
Joanne Psilos, Staff Attorney
BBO # 556997
P.O. Box 964
Worcester, MA 01613
(508) 791-3300
davidmawhinney@ch13worc.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the Chapter 13 Trustee's Objection was sent to the Debtor, Debtor's counsel of record, and those parties who filed an appearance by first class mail, postage prepaid.

Respectfully submitted,
Standing Chapter 13 Trustee

Dated: March 19, 2024

/s/Joanne Psilos
David A. Mawhinney, Trustee
BBO # 681737
Joanne Psilos, Staff Attorney
BBO # 556997
davidmawhinney@ch13worc.com

## SERVICE LIST

Eric Kornblum, Esq.
94 N. Elm Street, Suite 402
Westfield, MA 01085

John Claine
Kimberly Claine
409 Chapman Street
Greenfield, MA 01301